IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

OPERATING ENGINEERS LOCAL NO. 101
PENSION FUND, *et al.*,

           Plaintiffs,

Vs.                                                                No.   13-2166-SAC

GRISHAM GRADING & EXCAVATING,
COMPANY, INC.,

           Defendant.

MEMORANDUM AND ORDER

The plaintiffs are employee benefit plans and multi-employer plans, a co-chairman of these plans, and a labor organization suing to recover fringe benefit contributions that the defendant owes to plaintiff plans under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and to recover membership dues that the defendant owes to the plaintiff union pursuant to Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Dk. 1). On May 15, 2013, the clerk of the court entered default against the defendant after it failed to appear or defend this action within the required time period. (Dk. 5). On July 9, 2013, the plaintiffs filed their motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2) submitting affidavits establishing the amounts for judgment and making no request for an evidentiary hearing or equitable relief in the form of an order requiring an

1

audit. (Dk. 6). The defendant again has not filed any response to this pending motion.

On an application for default judgment under Rule 55(b)(2), the district "court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: . . . determine the amount of damages." The need for a hearing is a decision committed "to the sound discretion of the district court." *Finkel v. Romanowicz*, 577 F.3d 79, 87 (2nd Cir. 2009). "Rule 55 . . ., does not require that the district court receive evidence on the claimed damages amount before entering a default judgment; rather, the Rule simply allows the district court to conduct a hearing if it believes that additional investigation or evidence is necessary." *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011). The Tenth Circuit recognizes the need for a hearing when the damages are not capable of mathematical calculation. *Id*.

The plaintiffs offer the affidavit from David Barry, who serves as the administrator of the plaintiff plans. Barry avers that a worksheet has been prepared that calculates the amounts owed by the defendant during the period from October 2012 through February 2013. Barry describes the worksheet's calculations as being based upon the terms of the applicable trust agreements as applied to the defendant's reports of covered work during the relevant period. Barry states that "[t]he worksheet is maintained in the routine course of the Funds' [plans] operation and is true and correct to the best of . . . [his]

knowledge." (Dk. 6-1 ¶ 5). Barry avers that the defendant's liability, as calculated, is delinquent contributions totaling $23,525.09, liquidated damages totaling $2,034.88, and interest totaling $224.22. The plaintiffs also submit the affidavit of their counsel which lays out in detail the hourly billing rate, the total hours worked, the nature of the legal work, and the other costs and fees. (Dk. 6-2). The total fee for legal services billed to the plaintiffs was $674.50, and the total expenses and other fees billed was $475.00. *Id.* at ¶¶ 3-4.

After reviewing the supporting affidavits and worksheet, the court finds that the plaintiffs have provided sufficient documentary evidence and details to sustain the amounts requested for past due contributions, liquidated damages, interest, fees and costs. The court finds that the plaintiffs' requested amounts are reasonable under the circumstances.

IT IS THEREFORE ORDERED that the plaintiffs' motion for default judgment (Dk. 6) is granted;

IT IS FURTHER ORDERED that default judgment be hereby entered against the defendant Grisham Grading & Excavating, Company, Inc. and in favor of the plaintiffs in the amount of $26,934.69.

Dated this 31st day of July of 2013, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge